**Ben F. Barnett, Appellee, v. Caldwell Furniture Company, Appellant.**

**Gen. No. 21,884. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. Arnold Heap, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed May 29, 1916. Rehearing denied June 13, 1916.

### Statement of the Case.

Action by Ben F. Barnett, plaintiff, against Caldwell Furniture Company, a corporation, defendant, for damages for breach of a contract of employment. From a judgment for plaintiff upon trial by the court, defendant appeals.

The controversy in this cause arose under a written contract of employment, whereby the defendant employed plaintiff as its salesman with the exclusive right to sell its product in certain portions of the United States from July 1, 1912, to June 30, 1914. Plaintiff undertook to sell $100,000 gross of defendant's output each year of the contract, and as compensation was to receive six per cent. commission on the net price of all goods sold by himself or otherwise within the territory given him by the contract. Such commission was subject to be varied under stated conditions, commissions to be calculated upon orders accepted and filled by shipment. Plaintiff agreed to

exert himself to the best of his ability in making sales, but did not agree not to take on other lines of work or to devote all of his time in and about the sale of defendant's furniture, etc. Plaintiff also claimed that defendant sold within his territory $36,520.80 in value of its goods without his consent, and that he was discharged by defendant from its employment without any just or reasonable cause about April 24, 1913, and sought to recover damages for defendant's so breaching the contract. Defendant contended that it did not discharge plaintiff, that he resigned his position and refused thereafter to serve defendant, although requested so to do, and that plaintiff did not perform his contract.

Defendant assigned error and argued: That plaintiff did not comply with the contract on his part; that the relationship between the parties was ended by mutual agreement; and that it did not appear that the plaintiff sustained any damages.

MORSE IVES and H. E. WYNEKOOP, for appellant.

LEO S. LEBOSKY and WILLIAM LEVINE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1414*—*when findings of trial court not disturbed.* Where in a case tried by the court without a jury there is an irreconcilable conflict in the testimony, a court of review will not reverse the judgment of the trial court where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the judgment.

2. CONTRACTS, § 66*—*when amount of recovery for breach of contract of employment may not be diminished by subsequent earnings.* In an action by a salesman for breach of a contract whereby the plaintiff was to receive certain commissions on goods sold

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

within a specific territory, though he was not bound to devote his time exclusively to such sales, the fact that the plaintiff made more money after the breach than before cannot affect the recovery nor can it be diminished by the amount of such earnings.

3. DAMAGES, § 66*—*what recoverable for breach of contract of employment.* In an action by a salesman for breach of a contract whereby he was to receive certain commissions on sales within a specified territory, his damages for wrongful discharge *held* properly estimated on the basis of his average earnings for the four months preceding such discharge.

4. DAMAGES, § 61*—*when loss of future profits recoverable.* That damages, resulting from loss of future profits under a contract because of its breach, are uncertain is not ground for denying recovery for such breach.